IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WENDY WILLIAMS, #292 583, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:15-CV-705-MHT ) [WO] |
| DR. DAVID GAMS, *et al*., | ) ) |
|     Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate in the custody of the Alabama Department of Corrections. She files this *pro se* 42 U.S.C. § 1983 action challenging the provision of medical treatment received for an ear condition. She seeks damages and attorney's fees for the injuries she sustained from the alleged inadequate medical care. Among the named defendants are Commissioner Jefferson Dunn and the Alabama Department of Corrections. Upon review, the court concludes that dismissal of the complaint against Defendants Dunn and the Alabama Department of Corrections is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

### **I. DISCUSSION**

**A.     Commissioner Dunn**

Plaintiff names Commissioner Dunn as a defendant. A careful review of the complaint reflects that Plaintiff makes no specific allegations against this individual. To the extent Plaintiff names Commissioner Dunn as a defendant based on his supervisory position, supervisory

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have her complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

personnel cannot be liable under § 1983 for a constitutional violation of one of their subordinates by a theory of *respondeat superior* or on the basis of vicarious liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-95 (1978) (holding that doctrine of *respondeat superior* is inapplicable to § 1983 actions); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (holding that 42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions . . . and the alleged constitutional deprivation"). In light of the foregoing, Plaintiff's complaint against Defendant Dunn is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

**B.     The Alabama Department of Corrections**

Plaintiff names the Alabama Department of Corrections as a defendant. The Alabama Department of Corrections, however, is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). Because Plaintiff's complaint against the Alabama Department of Corrections is "based on an indisputably meritless legal theory," this defendant is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's § 1983 complaint against Defendants Dunn and the Alabama Department of Corrections be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i-ii);

2. Defendants Dunn and the Alabama Department of Corrections be DISMISSED as parties to the complaint;

3. This case against the remaining defendants be referred to the undersigned for further proceedings.

It is further ORDERED that **on or before May 11, 2016**, Plaintiff may file an objection to the Recommendation. Any objection filed must clearly identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 27th day of April, 2016.

    /s/    Gray M. Borden
UNITED STATES MAGISTRATE JUDGE